J-S49014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAMUEL FELICIANO | |
| Appellant | No. 2899 EDA 2013 |

Appeal from the PCRA Order of October 3, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0109241-2005

BEFORE:  OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 12, 2014**

Appellant, Samuel Feliciano, appeals *pro se* from the order entered on October 3, 2013, dismissing his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We have previously summarized the factual background of this case as follows:

> [O]n the night of August 14, 2001, multiple individuals were operating an open air drug operation near a residence located at 230 West Atlantic Street in Philadelphia.  These individuals included [Appellant], Wilma Irizarry, Gilbert Quinon, and Robert Rodriguez, all of whom were observed going into and out of the residence at 230 West Atlantic Street.
>
> After having observed a number of street transactions, the officers arrested [Appellant] and his cohorts.  Pursuant to that arrest, the police searched [Appellant] and found a black plastic bag in the front of his pants that contained three small vials of phencyclidine (PCP) with black caps, having a weight of .114 grams.  The officers also searched the residence at 230 West Atlantic Street, and therein discovered the following contraband:

> - in the front corridor, a clear plastic bag containing seven bluetinted packets of crack cocaine with an aggregate weigh of 3.5 grams,
>
> - on top of the television, seven Xanax pills and a clear Ziploc bag containing 2.8 grams of cocaine,
>
> - underneath the couch, a large Ziploc bag containing 177.4 grams of marijuana,
>
> - in the kitchen freezer, the officers discovered a black plastic bag containing four separate bundles, each bundle of which contained 25 vials of PCP with blue caps, that had a total weight of 10.147 grams.
>
> The officers also discovered clear plastic bags with numerous green and black caps, Ziploc bags, and heat sealable packets. Apart from the drugs, the officers discovered a welfare card and gas bill in Ms. Irizarry's name, a hand grenade, a 12 gauge Winchester shotgun, a Tek-9 with a silencer, a rifle, and ammunition.

*Commonwealth v. Feliciano*, 943 A.2d 312 (Pa. Super. 2007) (unpublished memorandum), at 1-3.

The procedural history of this case is as follows. On March 6, 2006, Appellant was found guilty of possession with intent to deliver,[1] knowing and intentional possession of a controlled substance,[2] and conspiracy.[3] On May 31, 2006, the trial court sentenced Appellant to an aggregate term of 15 to 30 months' imprisonment. The Commonwealth appealed, and we vacated the sentence because the trial court erred by not imposing the mandatory

---

[1] 35 P.S. 780-113(a)(30).

[2] 35 P.S. 780-113(a)(16).

[3] 18 Pa.C.S.A. § 903.

J-S49014-14

minimum. ***See id.*** at 5-8. On March 12, 2008, Appellant was re-sentenced *in absentia* to an aggregate term of 6 to 12 years' imprisonment. Appellant did not file a post-sentence motion or file a direct appeal from his March 12, 2008 judgment of sentence.

On July 10, 2012, more than four years after his judgment of sentence, Appellant filed a *pro se* PCRA petition. On December 10, 2012, counsel was appointed. On July 2, 2013, counsel filed a "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and declared that, in his professional judgment, Appellant's attempt at post-conviction collateral relief was meritless. On September 5, 2013, the PCRA court issued notice pursuant to Pennsylvania Rule of Criminal Procedure 907(1) of its intent to dismiss the petition without an evidentiary hearing. On October 3, 2013, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.[4]

Appellant presents two issues for our review:

1. [Was Appellant's trial counsel ineffective?]

2. [Did the witnesses at trial commit perjury?]

Appellant's Brief at 5.

---

[4] On October 11, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On October 28, 2013, Appellant filed his concise statement. On January 8, 2014, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal were included in Appellant's concise statement.

- 3 -

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). Thus, we shall forego individual assessment of the merits of the claims set forth in Appellant's brief and, instead, concentrate our attention on whether Appellant timely filed his PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Because Appellant never appealed his judgment of sentence, it became final on April 11, 2008. Appellant's PCRA petition was filed on July 10, 2012. Thus, the petition was patently untimely.[5]

---

[5] The fact that Appellant was sentenced *in absentia* does not impact the timeliness requirement of the PCRA. **See Commonwealth v. Pollard**, 911 A.2d 1005, 1007 (Pa. Super. 2006).

- 4 -

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule." *Commonwealth v. Wiley*, 966 A.2d 1153, 1158 (Pa. Super. 2009) (citation omitted).

Appellant does not argue on appeal that the PCRA court's determination that his petition was untimely is incorrect. Instead, he only argues the merits of his claims. As such, he has waived any argument that his petition is timely or that he has satisfied one of the three timeliness exceptions to the PCRA. *See* Pa.R.A.P. 2116(a), 2119(a). Thus, Appellant has failed to plead and prove that he has satisfied any of the PCRA's

timeliness exceptions. Accordingly, the PCRA court lacked subject matter jurisdiction over Appellant's claims and properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2014