J-S07009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CELESTE LOUISE COLES | |
| Appellant | No. 1329 MDA 2016 |

Appeal from the Order Entered July 29, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-MD-0000282-1994

BEFORE:  BOWES, LAZARUS AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 01, 2017**

Celeste Louise Coles appeals from the July 29, 2016 order dismissing her PCRA petition as untimely filed.  We affirm.

On June 23, 1995, a jury convicted Appellant of two counts each of second-degree murder, conspiracy to commit homicide, and robbery, and one count each of theft and conspiracy to commit robbery.  The convictions were based upon Appellant's participation in the shooting deaths and robberies of Raveielle Birdsong and Nichole Repsher.  On July 19, 1995, Appellant was sentenced to two consecutive terms of life imprisonment, with concurrent sentences imposed on the remaining charges.  On October 21, 1996, we affirmed the judgment of sentence, but remanded for an evidentiary hearing on the question of whether another participant in the

crimes, whose attorney indicated that he would not testify based upon the Fifth Amendment, intended to invoke his privilege against self-incrimination himself. ***Commonwealth v. Coles***, 688 A.2d 1225 (Pa.Super. 1996) (unpublished memorandum). On remand, the trial court conducted a hearing and concluded that the witness personally asserted his constitutional right to remain silent. On May 10, 1999, we affirmed. ***Commonwealth v. Coles***, 739 A.2d 584 (Pa.Super. 1999) (unpublished memorandum).

On June 9, 2009, Appellant filed a PCRA petition, which was dismissed as untimely without the appointment of counsel. We reversed and remanded, ordering that counsel be provided before her petition was addressed. ***Commonwealth v. Coles***, 996 A.2d 538 (Pa.Super. 2010) (unpublished memorandum). Counsel was appointed, but filed a no-merit letter and a petition to withdraw. This *pro se* appeal followed the denial of relief and grant of counsel's motion to withdraw.

Appellant's brief is woefully deficient. Most significantly, she fails to cite a single legal authority or to set forth a statement of issues involved. Our review of her brief reveals that her complaints relate to ineffective assistance of counsel, which she avers renders her eligible for a new trial. We first observe that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Roane***, 142 A.3d 79, 86

(Pa. Super. 2016) (quoting **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015)).

Next, it is axiomatic that all PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); **see also Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In this case, we affirmed Appellant's judgment of sentence in all respects on May 10, 1999. Her sentence became final thirty days thereafter, or on June 9, 1999. Appellant had until June 9, 2000, to file a timely PCRA petition, and her 2009 petition is patently untimely. There are three exceptions to the one-year time bar of § 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Herein, Appellant does not invoke any exception. Her complaints, as noted, all relate to ineffective assistance of counsel. However, as our Supreme Court plainly articulated in *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005)

> It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 915-16 (2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); *see also Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 785-86 (2000) (finding that the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, 589 (2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims).

*Accord Commonweatlh v. Pollard*, 911 A.2d 1005 (Pa.Super. 2006).

As Appellant has failed to establish that her PCRA petition was timely, a jurisdictional prerequisite to merits review of her claims, we affirm its dismissal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/1/2017</u>