J-S07023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW WITMAN | |
| Appellant | No. 1601 MDA 2016 |

Appeal from the PCRA Order September 12, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005536-2011

BEFORE:  BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 17, 2017**

Andrew Witman appeals from the order entered in the Court of Common Pleas of Lancaster County, dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon review, we affirm.

On May 16, 2012, Witman entered a negotiated guilty plea to numerous counts related to his sexual abuse of his girlfriend's 14-year-old daughter.  He was sentenced to an aggregate of 8 to 20 years' imprisonment, followed by 5 years' probation.  Witman did not file post-sentence motions or a direct appeal.

On May 29, 2015, Witman filed a *pro se* PCRA petition, asserting that his mandatory minimum sentence is in violation of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).  The PCRA court appointed counsel, who

filed a **Turner**/**Finley**[1] no-merit letter on June 10, 2015. On July 17, 2015, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On August 12, 2015, the court dismissed Witman's petition as untimely filed. Witman appealed, and this Court affirmed the PCRA court's denial of relief by memorandum decision dated February 11, 2016.

Witman filed this, his second, *pro se* PCRA petition on August 10, 2016. On August 12, 2016, the PCRA court issued a Rule 907 notice and opinion, notifying Witman of its intent to dismiss his serial petition as untimely. Witman objected to the Rule 907 notice. On September 12, 2016, the court dismissed his petition. This timely appeal followed, in which Witman raises the following issues for our review:

> 1. Whether the [PCRA] court erred in not correcting an illegal sentence that was rendered in violation of [Witman's] [s]tatutory [l]imit for sentencing?
>
> 2. Whether the trial court lacked [s]ubject [m]atter [j]urisdiction from the face of the indictment when rendering a sentence outside of the indictment?
>
> 3. Whether the trial court erred in entering a civil [judgment] without a civil trial and/or without putting [Witman] on notice of civil proceedings?

Brief of Appellant, at iii.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

The PCRA court dismissed Witman's petition as untimely filed. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, Witman was sentenced on May 16, 2012 and did not file a direct appeal to this Court. Thus, his judgment of sentence became final no later than June 15, 2012, upon the expiration of the thirty-day period for filing an appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Witman had one year from that date, or until June 15, 2013, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Witman did not file the instant petition until August 10, 2016, more than four years after his judgment of sentence became final. Accordingly, Witman's petition is facially untimely

unless he pled and offered to prove one of the three statutory exceptions to the time bar. **See** 42 Pa.C.S.A. § 9545(b).

The timeliness exceptions provided for in the PCRA include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and an after-recognized, retroactively applied constitutional right. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. **Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003).

Here, Witman invokes the exception under section 9545(b)(1)(iii), claiming that the U.S. Supreme Court's decision in **Alleyne** renders his sentence illegal. This claim is meritless. **Alleyne** has not been held by either the Pennsylvania Supreme Court or the United States Supreme Court to apply retroactively. **See Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. 2016) (holding **Alleyne** does not apply retroactively on collateral review). Thus, it does not satisfy the requirements of section 9545(b)(1)(iii). Moreover, even if **Alleyne** had been held to apply retroactively, Witman failed to timely raise the claim within 60 days as required under section 9545(b)(2). The Supreme Court announced its

- 4 -

decision in *Alleyne* on June 17, 2013. Accordingly, Witman was required to raise his claim on or before August 17, 2013. As noted above, Witman did not file the instant petition until August 10, 2016. Therefore, his claim is untimely and he is entitled to no relief.

In his third and final claim, Witman asserts that the registration requirements of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9791-9799, violate his constitutional and human rights because he was never made aware of the sexual offender classification proceedings. This claim garners him no relief for two reasons. First, Witman does not assert that it satisfies any of the exceptions to the time bar under section 9545(b)(1). Second, pursuant to section 9543 of the PCRA, a petitioner is eligible for relief only if "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Pursuant to section 9544 of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial . . . on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Witman's claim could have been raised in a prior proceeding, but was not.[2]

_____

[2] In any event, Witman's claim that he was "unaware" of the proceedings under SORNA is patently meritless. In conjunction with his negotiated guilty plea, Witman executed a document entitled "Explanation of Megan's Law Rights," in which he acknowledged his obligations as a sexual offender, waived his right to a pre-sentence sexually violent predator ("SVP") evaluation, and was advised of possible further proceedings to determine his status as an SVP.

For the foregoing reasons, Witman is not entitled to PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017