**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Harold POLLARD, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 2006.
Filed Nov. 17, 2006.

Harold Pollard, appellant, Pro Se.

Hugh J. burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: HUDOCK, GANTMAN, and JOHNSON, JJ.

Opinion by GANTMAN, J.:

¶ 1 Appellant, Harold Pollard, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

1. 42 Pa.C.S.A. §§ 9541–9546.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On the evening of December 23, 1999, Philadelphia Police Officer Arthur Herder was conducting plainclothes surveillance in Southwest Philadelphia. At approximately 9:30 p.m., Officer Herder saw a burgundy Oldsmobile and a white Pontiac stopped at the corner of 52nd and Kingsessing Streets. The officer observed muzzle flashes coming from the passenger window of the Oldsmobile; the shooter fired six shots directly at the Pontiac. Officer Herder could not identify the driver or the passenger in the Oldsmobile, because the car had tinted windows. Seconds later, both cars sped away from the scene.

¶ 3 Officer Herder called his back-up officers, informing them of the direction in which both vehicles had traveled. Officers Joyce and Monaghan located the Oldsmobile and attempted to pull it over, but the driver of the Oldsmobile, later identified as Appellant, would not comply. Appellant led the officers on a high-speed chase throughout the streets of Philadelphia, with Appellant eventually driving onto Interstate 95 northbound.

¶ 4 Officers Joyce and Monaghan continued the pursuit onto the highway, at which time Appellant slowed-down to draw even with the officers' cruiser. The officers had positioned their vehicle in the left lane, and Appellant drove in the middle lane. Appellant jerked his steering wheel to the left, causing the Oldsmobile to crash into the officers' cruiser. Appellant tried to force the cruiser off the road, but the officers slowed down to avoid colliding with the guardrail in the center of the highway. A short distance later, the chase ended when Appellant collided with a tow truck.

The police apprehended both Appellant and his passenger. The Commonwealth charged Appellant with numerous offenses related to the incident.

¶ 5 The court scheduled Appellant's trial for October 23, 2000. On that date, witnesses saw Appellant at the Criminal Justice Center, but he could not be located when the court called his case. The court granted a recess until the next day to give trial counsel an opportunity to locate Appellant. Trial counsel, however, could not locate Appellant.

¶ 6 On October 24, 2000, the court heard testimony from police officers who had tried to locate Appellant. The officers unsuccessfully checked Appellant's residence, as well as local hospital emergency rooms. Following this testimony, the court concluded Appellant willfully and voluntarily "absented himself" from the proceedings. (N.T. Trial, 10/24/00, at 37). Thus, the court permitted the Commonwealth to try Appellant *in absentia*.

¶ 7 The jury convicted Appellant of two counts of aggravated assault,[2] and one count each of possessing instruments of crime,[3] recklessly endangering another person,[4] and fleeing or attempting to elude police officers.[5] The court deferred sentencing until March 7, 2001, at which time Appellant still could not be located. The court sentenced Appellant *in absentia* to an aggregate term of 80–160 months' imprisonment, followed by seven years' probation. Appellant did not file a notice of appeal. The authorities finally apprehended Appellant on September 24, 2002, and he began to serve his sentence that same day. Appellant filed the instant *pro se* PCRA petition on July 29, 2004. The court appointed counsel, who filed a "no-merit" letter pursuant to *Commonwealth*

---

**2.**  18 Pa.C.S.A. § 2702.

**3.**  18 Pa.C.S.A. § 907.

**4.**  18 Pa.C.S.A. § 2705.

**5.**  75 Pa.C.S.A. § 3733.

*v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*). On September 27, 2005, the court sent notice of its intent to dismiss Appellant's petition, pursuant to Pa.R.Crim.P. 907. On October 21, 2005, the court denied and dismissed Appellant's petition. This timely *pro se* appeal followed.

■ ¶ 8 As a prefatory matter, we must determine whether Appellant's PCRA petition was timely. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson,* 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. C.S.A. § 9545(b)(1); *Commonwealth v. Bretz,* 830 A.2d 1273 (Pa.Super.2003); *Commonwealth v. Vega,* 754 A.2d 714 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

■ ¶ 9 The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

■ ¶ 10 Instantly, the court sentenced Appellant on March 7, 2001. Appellant did not file a direct appeal to this Court. Therefore, his judgment of sentence became final thirty days later, on or about April 6, 2001. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant filed his PCRA petition on July 29, 2004, more than three years after his judgment of sentence became final. *See id.* Accordingly, Appellant's petition is untimely on its face.

■ ¶ 11 Although Appellant makes bald assertions of interference by governmental officials and after-discovered evidence, he has failed to offer any argument regarding how these time-bar exceptions apply to his case. *See* 42 Pa.C.S.A. § 9545(b)(1)(i), (iii). Instead, Appellant insists he is entitled to relief due to trial counsel's ineffectiveness. Specifically, Appellant claims counsel failed to investigate Appellant's history of mental illness, and failed to file a notice of appeal, despite alleged requests to do so from Appellant

and his father. However, "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton,* 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005). *See also Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201 (2000) (holding court properly dismissed untimely PCRA petition claiming ineffectiveness for counsel's failure to file direct appeal, where defendant did not plead and prove applicability of time-bar exceptions).

¶ 12 Based upon the foregoing, we conclude Appellant's PCRA petition is time-barred. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Accordingly, we affirm the trial court's order dismissing Appellant's first PCRA petition. *See Bretz, supra; Vega, supra.*

¶ 13 Order affirmed.