J-S70044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NATHAN ROBERT PARKER | |
| Appellant | No. 976 EDA 2015 |

Appeal from the PCRA Order March 10, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003993-2011
CP-51-CR-0003551-2011

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 20, 2015**

Nathan Robert Parker appeals from the order entered in the Court of Common Pleas of Chester County, dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon review, we affirm.

On June 27, 2012, Parker entered a negotiated guilty plea to one count each of robbery, criminal conspiracy and possession with intent to deliver and was sentenced to an aggregate of 9 to 18 years' imprisonment. He did not file a direct appeal.  The intervening procedural history, involving Parker's filing of multiple motions and a prior PCRA petition, is not relevant to our disposition here, except to note that in his previous PCRA petition,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Parker challenged the legality of the search of the safe in which contraband was discovered.

Parker filed the instant PCRA petition, his second, on August 8, 2014, alleging claims of ineffectiveness of counsel, an unlawfully induced guilty plea, and an illegal sentence. With regard to the last claim, Parker asserted that his mandatory minimum sentence is in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). On January 22, 2015, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Parker filed three responses to the court's Rule 907 notice. On March 10, 2015, the court dismissed Parker's petition as untimely filed. This timely appeal followed, in which Parker raises the following issues for our review:

> 1. The police officers whom [sic] conducted the search of [Parker's] residence exceeded the scope of the warrant when they searched [Parker's] safe.
>
> 2. Commonwealth is in violation of *Brady v. Maryland*, 373 U.S. [83] (1963), when they failed to provide [Parker] with favorable evidence.
>
> 3. [Parker's] counsel was ineffective for multiple reasons including manipulation, coercion and withholding information from [Parker].
>
> 4. [Parker] was sentenced to a mandatory minimum sentence pursuant to 42 Pa.C.S.A. [§] 7508 for the [possession with intent to deliver charge] in violation of the recent decisions by the Pennsylvania Supreme and Superior Courts as well as the United States Supreme Court.

Brief of Appellant, at [3].

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine

whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.**

The PCRA court dismissed Parker's petition as untimely filed. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Pollard**, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Parker was sentenced on June 27, 2012 and did not file a direct appeal to this Court. Thus, his judgment of sentence became final no later than July 27, 2012, upon the expiration of the thirty-day period for filing an appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Parker had one year from that date, or until July 27, 2013, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b). Parker did not file the instant petition until August 8, 2014, more than one year after his judgment of sentence became final. Accordingly, Parker's petition is facially untimely

unless he pled and offered to prove one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b).

The timeliness exceptions provided for in the PCRA include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized, retroactively applied constitutional right. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

Here, Parker invokes the exception under section 9545(b)(1)(iii), claiming that the U.S. Supreme Court's decision in ***Alleyne*** renders his sentence illegal. This claim is meritless. First, we note that Parker's PCRA petition failed to allege which of his sentences was a mandatory minimum sentence subject to the dictates of ***Alleyne***. Second, even if Parker received a sentence to which ***Alleyne*** applies, he would not be entitled to relief. ***Alleyne*** has not been held by either the Pennsylvania Supreme Court or the United States Supreme Court to apply retroactively. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014) (affirming dismissal of PCRA ***Alleyne*** claim because case not held to be applied retroactively for purposes

- 4 -

of PCRA). Thus, it does not satisfy the requirements of section 9545(b)(1)(iii). Third, even if **Alleyne** had been held to apply retroactively, Parker failed to timely raise the claim as required under section 9545(b)(2). The Supreme Court announced its decision in **Alleyne** on June 17, 2013. Accordingly, Parker was required to raise his claim on or before August 17, 2013. As noted above, Parker did not file the instant petition until August 8, 2014. Therefore, his claim is untimely and he is entitled to no relief.

Parker's remaining claims implicate the alleged ineffectiveness of his trial counsel.[1] They can garner him no relief for two reasons. First, Parker does not assert that any of the claims satisfy any of the exceptions to the time bar under section 9545(b). Second, pursuant to section 9543 of the PCRA, a petitioner is eligible for relief only if "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Pursuant to section 9544 of the PCRA, "an issue has been previously litigated if . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3). Further, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial . . . on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Parker's remaining claims have either been

---

[1] Although Parker's appellate brief does not couch two of these issues in terms of ineffectiveness, his PCRA petition did.

previously litigated or could have been raised in a prior proceeding, but were not.

For the foregoing reasons, Parker is not entitled to PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015