J-S09022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODNEY JERMAINE JOHNSON | |
| Appellant | No. 675 MDA 2015 |

Appeal from the PCRA Order March 30, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006484-2008

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

JUDGMENT ORDER BY LAZARUS, J.:　　　　　　　**FILED FEBRUARY 10, 2016**

For the reasons that follow, we affirm the order of the Court of Common Pleas of York County, dismissing Rodney Johnson's petition for a new trial as an untimely petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").

Johnson filed a petition for a new trial on March 20, 2015, claiming the existence of newly discovered evidence, a claim which is cognizable under the PCRA.  **See** 42 Pa.C.S.A. § 9543(a)(2)(vi).  Because claims that are cognizable under the PCRA are to be pursued within the parameters of that statute, **see Commonwealth v. Concordia**, 97 A.3d 366, 372 (Pa. Super. 2014), the trial court properly treated Johnson's filing as a PCRA petition.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence

becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, Johnson's judgment of sentence became final on May 30, 2011, upon the expiration of the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, he had one year from that date, or until May 30, 2012, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Johnson did not file the instant petition until March 20, 2015, nearly four years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Johnson's petition unless he pleaded and offered to prove one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b).

In his petition, Johnson attempted to invoke the timeliness exception relating to after-discovered evidence under section 9545(b)(1)(ii), claiming that he "just received" a forensic report "which would have change[d] the jury verdict." Petition for New Trial, 3/20/15, at ¶ 3. However, this report was, in fact, entered into evidence at trial as Commonwealth's Exhibit 30. *See* N.T. Trial, 5/12/09, at 184-86, 221. Accordingly, the facts contained in

the report were known to Johnson at the time of trial and cannot be used to invoke the exception to the time bar under section 9545(b)(1)(ii). Thus, the PCRA court properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2016