J-S61023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT COMRIE | |
| Appellant | No. 1942 WDA 2015 |

Appeal from the PCRA Order October 27, 2015
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000134-2002

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 29, 2016**

Robert Comrie appeals, *pro se*, from the order[1] entered in the Court of Common Pleas of Clearfield County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon review, we affirm.

On December 17, 2004, after entering a plea of guilty to one count of possession with intent to deliver, Comrie was sentenced to 2 to 4 years' incarceration.  Comrie did not appeal his judgment of sentence.  In the ensuing years, Comrie filed multiple petitions, which the trial court properly

_____

[1] Comrie's notice of appeal purports to appeal from an order dated November 23, 2015.  However, no such order exists.  As Comrie drafted his notice of appeal on November 23, 2015, we presume the date was simply entered in error.  It is clear that the order he appeals from is the one dated October 27, 2015, and we have amended our caption accordingly.

treated as filed pursuant to the PCRA. In one such petition, Comrie raised an issue regarding time credit, which the Commonwealth agreed could be addressed by the PCRA court. After a status conference, the PCRA court entered an order, stipulated to by the Commonwealth, granting relief in the form of credit for time served. Comrie appealed that order and this Court concluded that the PCRA court had lacked subject matter jurisdiction over Comrie's PCRA petition and, accordingly, vacated the grant of relief. Comrie's other PCRA filings were all dismissed.

Comrie initiated the instant PCRA proceeding with a filing on June 12, 2015. He followed that petition with another on July 6, 2015. On July 15, 2015, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. In response, Comrie filed a "supplemental" PCRA petition on September 14, 2015. On October 27, 2015, the PCRA court entered an order dismissing all of Comrie's filings.[2] This timely appeal[3] follows, in which Comrie again claims that he is entitled to credit for time served.

---

[2] Comrie followed his June 12, 2015 filing with a torrent of additional *pro se* filings, including the "supplemental" PCRA petitions, writs of habeas corpus *ad subjiciendum*, and a "*Nunc Pro Tunc* Motion For Clarification of Opinion/Order." All were dismissed by the order currently being appealed. However, in his notice of appeal, Comrie notes that he is only challenging the dismissal of his June 12, 2015 PCRA petition and the supplements filed thereto on July 6, 2015 and September 14, 2015.

[3] Comrie's notice of appeal was stamped as filed with the prothonotary on November 30, 2015. However, the notice of appeal was dated November 23, 2015, and we will consider it to be timely filed pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997).

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.**

Instantly, the PCRA court dismissed Comrie's petition as untimely. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Pollard**, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, Comrie's judgment of sentence became final no later than January 17, 2005, upon the expiration of the thirty-day period for filing an appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, he had one year from that date, or until January 17, 2006, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b). Comrie did not file the instant petition until June 12, 2015, more than 10 years after his judgment

- 3 -

of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Comrie's petition unless he pleaded and offered to prove one of the three statutory exceptions[4] to the time bar. Comrie attempts to invoke the "newly-discovered fact" timeliness exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Comrie claims that, on May 15, 2015, he became aware of a bench warrant lodged for his re-arrest by the authorities in Clearfield County for state time he still owed.

To obtain relief under the PCRA, a petitioner must demonstrate that the new facts are both exculpatory and would have changed the outcome of the trial if they had been introduced. *Commonwealth v. Yarris*, 731 A.2d 581, 591 (Pa. 1999), citing 42 Pa.C.S. § 9543(a)(2)(vi). Here, the facts

---

[4] The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

upon which Comrie predicates his claim are not exculpatory. In fact, they do not relate to his underlying conviction at all. Rather, the facts concern a claim for time credit that Comrie has been pursuing for years. ***See, e.g.***, ***Commonwealth v. Comrie***, No. 1232 WDA 2011 (Pa. Super. filed 5/31/21) (reversing PCRA court's grant of relief in form of credit for time served).

Because Comrie failed to plead and prove any exception to the jurisdictional time bar, the PCRA court properly dismissed his petition as untimely filed.

Order affirmed. Request for remand denied.[5]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2016

_____

[5] Comrie filed a document entitled "Request For A Remand To The Trial Court To Consider Application For New Trial Based On After-Discovered Evidence Pursuant To Pa.R.Cr[im].P. 720(c)." In this document, Comrie claims that a transcript of a hearing held on September 10, 2013, is after-discovered, exculpatory evidence that proves he served his state sentence between January 19, 2002 and December 22, 2003. This is simply another rehashing of the time-credit claims contained in the instant PCRA petition and previous petitions. Accordingly, we decline to grant relief.