J-S13029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROGER H. WILLIAMS | |
| Appellant | No. 1950 EDA 2016 |

Appeal from the PCRA Order May 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0607531-1999

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                        **FILED APRIL 18, 2017**

Roger H. Williams appeals from the order entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon review, we affirm.

On February 23, 2000, Williams was convicted in a non-jury trial of robbery, burglary and related counts stemming from an incident in which he and another man forced their way into a home and robbed the occupants at gunpoint.  The Honorable Rayford Means imposed an aggregate sentence of 36 to 72 years' imprisonment.  After filing a PCRA petition, the court reinstated Williams' direct appellate rights *nunc pro tunc*.  This Court

_____

[*] Former Justice specially assigned to the Superior Court.

affirmed Williams' judgment of sentence on June 4, 2002 and the Supreme

Court denied allowance of appeal on October 10, 2002.  Thereafter, Williams

sought relief in two PCRA petitions, both of which were denied.

On November 4, 2010, Williams filed a third, facially untimely[1] PCRA

petition in which he alleged, *inter alia*, the application of the newly-

---

[1] A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final.  **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa. Super. 2003).  A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  42 Pa.C.S.A. § 9545(b)(3). **See also Commonwealth v. Pollard**, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, Williams' judgment of sentence became final no later than January 8, 2003, upon the expiration of the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court.  **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.  Thus, he had one year from that date, or until January 8, 2004, to file a timely PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b).  Williams did not file the instant petition until March 10, 2016, more than 13 years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Williams' petition unless he pleaded and offered to prove one of the three statutory exceptions to the time bar within sixty days of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).  The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

discovered-facts exception to the PCRA time bar set as forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Williams asserted that, at two pretrial conferences in July and August of 1999, the Commonwealth offered favorable plea deals to his defense counsel, who rejected them without consulting Williams. In support of this claim, Williams attached an "internal criminal docket entry,"[2] which contained two entries, dated July 29, 1999 and August 12, 1999, stating "offer rejected." Williams claimed that he had written to numerous individuals in an attempt to obtain transcripts from the pretrial conferences, but to no avail. Then, in 2010, on the advice of a fellow inmate, Williams wrote to someone in the Clerk of Quarter Sessions office, who sent him the "docket entry."

The PCRA court denied relief and Williams appealed. In rejecting his claim, this Court concluded that Williams had failed to exercise due diligence in obtaining the document and failed to explain why he could not have written to the Clerk of Quarter Sessions sooner. The Court also found that,

_(Footnote Continued)_ ───────────────

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

[2] The document to which Williams refers is actually a Quarter Sessions status sheet.

"[w]hile the document indicates plea offers were rejected prior to trial, it does not prove that counsel failed to communicate those offers" to Williams. ***Commonwealth v. Williams***, 890 EDA 2013, at 7 (Pa. Super. filed 1/14/14) (unpublished memorandum decision).

Subsequently, Williams filed the instant *pro se* PCRA petition, his fourth, on March 10, 2016. Once again, he alleged an exception to the time bar under section 9545(b)(1)(ii). This time, he presented a document obtained from the Philadelphia District Attorney's Office through a "right-to-know law" request, setting forth the terms of the plea deal allegedly rejected by counsel without consulting Williams. Williams stated that he first filed a "right-to-know" request in or about October 2012, but it was denied. He filed a second request in October 2015 and, on January 11, 2016, received the plea offer document in response. He filed the instant PCRA petition within sixty days of receiving the document. The PCRA court again denied relief on the basis that Williams failed to exercise due diligence in discovering the written plea offer.

This timely appeal follows, in which Williams raises the following claims, *verbatim*, for our review:

> 1. Whether the PCRA court erred as a matter of law and constitution in denying [Williams'] third motion for post conviction collateral relief (PCRA) as untimely filed, when [Williams] raised genuine issues of material facts that warranted develop[]ment, and established that his newly[-]discovered[-] evidence claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii) and 42 Pa.C.S.A. § 9545(b)(2)?

2. Whether [Williams] is entitled to a new trial, or remand for an evidentiary hearing based upon the personal documents of the District Attorney, located only in the District Attorney's case file, revealing that a memorandum plea offer sheet was proffered to trial counsel, Edward C. Meehan, Jr., Esquire, for the sole purpose of being communicated to [Williams], for the opportunity to resolve the charges against him with a lesser sentence of 8 to 20 years, to be considered at the scheduled pre-trial conference hearing before the late, Honorable Anthony J. DeFino, by [Williams,] who did not know about nor participate[] in the pre-trial conference hearing proceedings in this case, in which newly-discovered evidence was not public record and could only be provided to [Williams] by the District Attorney's Office?

3. Whether prior trial counsel, Edward C. Meehan, Jr., Esquire['s] failure to communicate the newly-discovered evidence, the District Attorney's memorandum plea offer sheet and its content, its term of 8 to 20 years, which [Williams] would have accepted, violates trial counsel's obligation under the Sixth Amendment's assistance of counsel, effective[] assistance of counsel and the Fourteenth Amendment's due process clause?

Brief of Appellant, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA level. ***Id.***

As stated above, Williams invokes the "newly-discovered fact" exception to the time bar set forth in section 9545(b)(1)(ii).

The timeliness exception set forth in [s]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts

- 5 -

upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1271 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, [] 781 A.2d 94, 98 ([Pa.] 2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010)[.] This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, [] 947 A.2d 714, 720 ([Pa.] 2008).

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015), *appeal granted*, 134 A.3d 446 (Pa. 2016).

Here, the PCRA court properly concluded that Williams did not demonstrate why he could not have discovered the new facts earlier with the exercise of due diligence. As far back as June 2004, Williams was aware of the pre-trial conference hearings at which trial counsel allegedly rejected the Commonwealth's plea offer without consulting him. ***See*** Memorandum of Law in Support of Amended PCRA Petition, 3/10/16, at 17 (detailing letter written to trial counsel on June 12, 2004, seeking information regarding pre-trial conference hearings). Thus, Williams could have contacted the District Attorney's office seeking information regarding plea offers as early as 2004.

However, Williams did not file his "right-to-know" request until eight years later, in 2012. Moreover, after his initial request was denied on November 2, 2012, Williams inexplicably waited another three years to file a second request, which was ultimately granted on January 6, 2016. Although Williams baldly asserts that he exercised due diligence, he does not explain: (1) the delay between the time he initially became aware that plea offers had allegedly been rejected on his behalf (not later than 2004) and his first "right-to-know" request to the District Attorney's office; or (2) the nearly three-year delay between the denial of his first "right-to-know" request and his second, successful, request.

In addition, as we previously noted with regard to Williams' earlier newly-discovered-fact claim, *see Williams*, 890 EDA 2013, at 7, while the plea offer document Williams obtained indicates that a plea offer was rejected prior to trial, it does not tend to prove that counsel failed to communicate that offer to him.

Williams failed to demonstrate the necessary due diligence in uncovering the facts upon which he based his newly-discovered-fact claim. *Brown*, *supra*. Accordingly, the PCRA court properly denied relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2017