J-S29023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CURTIS R. JONES | : | |
| | : | |
| Appellant | : | No. 3492 EDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001758-2002

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 08, 2019**

Curtis R. Jones appeals *pro se* from the order, entered in the Court of Common Pleas of Delaware County, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

On July 27, 2005, a jury convicted Jones of first-degree murder[1] and robbery.[2] On September 7, 2005, the trial court sentenced Jones to life imprisonment without parole for first-degree murder and a consecutive term of 66 to 132 months' incarceration for robbery. On direct appeal, this Court vacated Jones's judgment of sentence, finding the evidence seized was the result of an illegal search, **Commonwealth v. Jones**, 928 A.2d 1054 (Pa. Super. 2007), but the Pennsylvania Supreme Court reversed this Court's

---

[1] 18 Pa.C.S. § 2502
[2] 18 Pa.C.S. § 3701

decision and reinstated the judgment of sentence. ***Commonwealth v. Jones***, 988 A.2d 649, 657 (Pa. 2010). The United States Supreme Court denied Jones's petition for writ of certiorari on October 4, 2010. ***Jones v. Pennsylvania***, 562 U.S. 832, (2010).

On November 3, 2010, Jones filed his first PCRA petition *pro se*, which the PCRA court dismissed on June 2, 2011. This Court affirmed the PCRA court's order, 1590 EDA 2011 (Pa. Super. July 29, 2013), and the Pennsylvania Supreme Court denied Jones's petition for allowance of appeal. 675 MAL 2013 (Pa. Super. January 21, 2014).

Jones filed the instant *pro se* PCRA petition, his second, on October 13, 2016, claiming ineffective assistance of counsel for failing to properly convey a guilty plea offer. The PCRA court dismissed the PCRA petition as untimely on October 24, 2018, and Jones filed a timely appeal to this Court on November 29, 2018.

Preliminarily, we must consider the timeliness of Jones's petition. The timeliness of a PCRA petition implicates the jurisdiction of the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa. Super. 2011). No court has jurisdiction to hear an untimely PCRA petition. ***Id.*** A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final unless one of the

three statutory exceptions applies.[3] 42 Pa.C.S.A § 9545(b)(1)(i-iii); ***see also***

***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa. Super. 2003). A

petition invoking one of the exceptions must be filed within 60 days of the

date the claim could have been presented. 42 Pa.C.S.A § 9545(b)(2).[4] A

judgment is deemed final "at the conclusion of direct review, including

discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking

review." 42 Pa.C.S.A § 9545(b)(3); ***Commonwealth v. Pollard***, 911 A.2d

1005, 1007 (Pa. Super. 2006).

---

[3] The statutory exceptions to the time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii).

[4] In 2018, the legislature amended the PCRA to extend the previous 60-day limitation for time-bar exceptions to one year. ***See*** 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days (Dec. 24, 2018). This extension only applies to claims arising one year before the effective date of this section, i.e., December 24, 2017, or thereafter. Because Jones filed his petition on October 13, 2016, and his claim arose before then, the 60-day time limit applies to his claim.

Jones attempts to circumvent the jurisdictional time-bar by pleading the newly-discovered-facts exception under Section 9545(b)(1)(ii). Jones contends he was unaware he rejected a plea offer, and defense counsel was ineffective in failing to articulate the terms to which Jones was agreeing. Brief of Appellant, at 13. He argues the transcript of a 2004 on-the-record pre-trial hearing before the trial judge in which he rejected a guilty plea offer was an "unknown fact" because he was unaware of and unable to discover the plea offer until 2017. *Id.* at 27.

Jones's underlying claim for relief, counsel's alleged failure to properly convey a plea offer to Jones before trial, cannot itself be the newly-discovered fact establishing the exception. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("conclusion that previous counsel was ineffective is not a newly discoverable 'fact' entitling Appellant to the benefit of the exception for after-discovery evidence"). Moreover, Jones cannot claim the plea offer was unknown to him because the transcript of his pre-trial hearing shows the court made sure he was aware he was rejecting the Commonwealth's offer. *See* N.T. Colloquy, 6/30/14, at 3-4; *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (holding fact not newly discovered because Appellant was in court when fact was presented).

Because Jones fails to establish an exception under Section 9545(b)(1), his petition is untimely, and the PCRA court lacked jurisdiction.

Order affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/8/19</u>