J-S15023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE EVERETT | : | |
| | : | |
| Appellant | : | No. 1719 EDA 2021 |

Appeal from the PCRA Order Entered July 1, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-1100801-1995

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 7, 2022**

Maurice Everett (Appellant) appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In June 1996, Appellant was convicted of second-degree murder, robbery (two counts), aggravated assault, conspiracy, and possessing an instrument of crime.  In October 1996, the trial court sentenced Appellant to life imprisonment on the murder conviction, and imposed lesser concurrent sentences on the remaining charges.  Appellant filed a direct appeal.  On August 27, 1997, this Court affirmed his judgment of sentence.  ***See Commonwealth v. Everett***, 704 A.2d 690 (Pa. Super. 1997) (unpublished memorandum).  Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

Since 1998, Appellant has filed numerous unsuccessful petitions seeking post-conviction relief. *See* Commonwealth Brief at 3 ("Over the next two decades, [Appellant] filed numerous petitions for collateral relief in state and federal court, all of which were denied."). Appellant filed the instant petition *pro se* on June 25, 2018, seeking relief based on newly discovered facts obtained from his co-defendant, Nathan Riley (Riley). On March 17, 2021, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition without a hearing on July 1, 2021. Appellant timely appealed.[1]

_____

[1] Appellant's appeal was docketed August 18, 2021, more than 30 days after the dismissal order. *See* Pa.R.A.P. 903 (appeal shall be filed within thirty days of entry of order). On October 12, 2021, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Appellant responded, "the COVID-19 pandemic and its chaotic affects are amplified within the prison system," and "the substantial rights of the Appellees will not be affected were this court not to dismiss Appellant's action." This Court then ordered Appellant to provide proof of the mailing date. Appellant responded that he "placed his timely *pro se* Notice of Appeal in one of his allotted without cost pre-paid postage envelopes"; "delivered his timely *pro se* Notice of Appeal to prison authorities by depositing said timely *pro se* Notice of Appeal in the prison mail collection box located on the unit where Appellant is currently housed"; and "[o]nce Appellant delivered his timely *pro se* Notice of Appeal in the aforementioned prison mail collection box it was forever out of Appellant's control and under the care, custody, and control of prison authorities[.]" On December 15, 2021, the Court referred the timeliness issue to this merits panel.

We conclude the appeal is timely under the prisoner mailbox rule, because the notice of appeal is dated July 29, 2021, and Appellant averred he had no control over the filing after he timely placed it in his unit's mail collection box. *See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) ("the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

Appellant presents one question for review:

1. Whether the PCRA court erred in denying [Appellant's] postconviction petition as untimely filed when [Appellant] established that his [newly discovered facts] claim was within the [plain language of the timeliness exception set forth at] 42 Pa.C.S.A. Section 9543(a)(2)(vi); 42 Pa.C.S.A. Section 9545(b)(1)(ii) and Section 9545(b)(2)?

Appellant's Brief at iii.

Our review of the PCRA court's order "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted).

Like the PCRA court, we first consider the timeliness of Appellant's petition. The timeliness of a PCRA petition implicates jurisdiction; no court has jurisdiction over an untimely petition. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa. Super. 2011). Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); **Commonwealth v. Pollard**, 911 A.2d 1005, 1007 (Pa. Super. 2006). To meet an exception to the time requirement, a petitioner must plead and prove:

    (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution

or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).   A petition attempting to invoke an exception must "be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Appellant claims he met the exception to the PCRA time-bar by pleading newly discovered facts obtained from his co-defendant Riley, in the form of an affidavit from Riley attesting to Riley not being informed of his rights prior to being interrogated, and being offered favorable treatment from the prosecution.  *See* Appellant's Brief at 2-5.

To obtain relief based on newly discovered facts, Appellant must establish his proffered evidence "(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted."  *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008) (citation omitted).

- 4 -

Appellant contends he received "notice of the proffered evidence" on June 14, 2018, and could not have known of the information sooner because "the proffered evidence . . . was within the knowledge and control of Nathan Riley." Appellant's Brief at 2. Appellant further claims "the proffered evidence . . . could not have been discovered through reasonable diligence until June 14, 2018, . . . [because Appellant] has been continuously incarcerated, with only limited assistance of counsel on unrelated claims since that time[.] *Id.* at 3.

The Commonwealth argues Appellant did not meet the standard for the newly discovered fact exception, because he failed

> to describe any previous efforts to uncover this information, instead asserting without explanation that he was unable to learn the substance of Riley's statement until he received the affidavits. Riley was one of [Appellant's] coconspirators. The two have known each other for several decades, and [Appellant] does not offer any reason why he could not have reached out to Riley in the many years since the trial.
>
> Additionally, some of the allegedly new information upon which [Appellant] now relies was apparently revealed during Riley's sentencing hearing. Although defendant is not presumed to know all publicly available information, he surely had reason to review his coconspirator's cases or to reach out to see whether anything occurred during their proceedings that might affect his own case. *See Commonwealth v. Porter*, 35 A.3d 4, 21–22 (Pa. 2012) (finding lack of diligence where defendant failed to explain why he could not have spoken to known witness in 21 years between trial and discovery of new fact).

Commonwealth Brief at 7-8 (some citations omitted).

Upon review, we agree that Appellant failed to demonstrate he exercised due diligence. We have explained:

Due diligence demands the petitioner take reasonable steps to protect h[is] own interests. This standard, however, entails neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief. Thus, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. **A petitioner must explain why []he could not have learned the new fact earlier with the exercise of due diligence**. This rule is strictly enforced.

***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa. Super. 2017) (citations and quotation marks omitted, emphasis added).

Here, Appellant's general assertions of Riley's "knowledge and control" of the information, and Appellant being incarcerated with "limited assistance of counsel," do not excuse Appellant's failure to explain what reasonable steps he took, and why he could not have learned about the information earlier. As the PCRA court explained:

Even if [Riley's affidavit] substantiated the alleged facts, [Appellant] failed to demonstrate that they were previously unascertainable with the exercise of due diligence. According to Riley, this information was revealed during his sentencing hearing in 1995. [Appellant] failed to establish that he couldn't have attempted to either contact Riley or obtain a copy of his sentencing transcript during the intervening decades between his trial and his receipt of Riley's correspondence.

PCRA Court Opinion, 8/18/21, at 1 (record citation omitted).

For the above reasons, we discern no error in the PCRA court's dismissal of Appellant's untimely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/7/2022</u>