J-S15029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AILEAF ASHFORD | : | |
| | : | |
| Appellant | : | No. 1017 EDA 2021 |

Appeal from the PCRA Order Entered April 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0502211-1999

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 7, 2022**

Aileaf Ashford (Appellant) appeals *pro se* from the order dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 23, 2000, a jury convicted Appellant of first-degree murder, and the trial court sentenced him to life in prison.  This Court affirmed Appellant's judgment of sentence on December 29, 2001, and on May 2, 2002, the Pennsylvania Supreme Court denied allowance of appeal.  ***See Commonwealth v. Ashford***, 792 A.2d 1278 (Pa. Super. 2001) (unpublished memorandum), ***appeal denied*** 798 A.2d 1286 (Pa. 2002).

Appellant filed three unsuccessful petitions seeking post-conviction relief.  ***See*** Commonwealth Brief at 5-6 (detailing procedural history).  On August 31, 2020, Appellant *pro se* filed the instant petition, his fourth, seeking relief based on newly discovered facts from a trial witness, Rykeith Sullivan

(Sullivan). On March 29, 2021, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition without a hearing on April 30, 2021. Appellant timely appealed.

Appellant presents the following issues for review:

1. DID THE COURT ERR OR ABUSE ITS DISCRETION IN HOLDING THAT [APPELLANT] DID NOT MEET THE THRESHOLD REQUIREMENTS TO INVOKE THE PCRA COURT'S JURISDICTION?

2. DID THE COURT ERR IN DISMISSING APPELLANT'S PETITION FOR RELIEF PURSUANT TO THE POST CONVICTION RELIEF ACT AS UNTIMELY AND WITHOUT A HEARING?

3. DOES EVIDENCE OF ACTUAL INNOCENCE PROVE A MISCARRIAGE OF JUSTICE OR DUE PROCESS VIOLATION HAS OCCURRED?

Appellant's Brief at 8 (unnumbered).

Our review the PCRA court's order "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted).

Like the PCRA court, we must consider the timeliness of Appellant's petition. The timeliness of a PCRA petition implicates jurisdiction, and no court has jurisdiction to hear an untimely petition. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011). Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Judgment is final "at

the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A § 9545(b)(3); *Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006). To meet an exception to the time requirement, a petitioner must plead and prove:

    (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition attempting to invoke an exception must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant agrees his petition is untimely, but claims he met the exception of proving newly discovered facts. *See* Appellant's Brief at 12 (stating PCRA court "misapplied the newly discovered fact exception . . . leading to an erroneous dismissal of PCRA petition as untimely.").

To obtain relief based on newly discovered facts, Appellant must establish his proffered evidence "(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008) (citation omitted).

Appellant contends he received exculpatory evidence from Sullivan, who was approximately 12 years old when he testified at Appellant's trial as a rebuttal witness for the Commonwealth. Appellant explains that he learned about the evidence when he was

> transferred to SCI-Smithfield on September 4, 2019, and within days of his being there, on September 8, 2019, an inmate [] told [A]ppellant that he spoke to Sullivan on the phone, and that Sullivan told [him] he had wrote [A]ppellant a letter, and to tell [A]ppellant to call him (Sullivan).

Appellant's Brief at 14. Appellant claims he contacted Sullivan, who wrote him "a letter and subsequent affidavit, stating that he was coerced to give that fabricated testimony by the victim's sister." *Id.* at 10. Appellant asserts he did not learn of the new facts until after he

> arrived at SCI-Smithfield on September 4, 2019. So despite any date on the affidavit/statement, it is timely filed if done by or before September 4, 2020. That burden was met when appellant submitted his petition on August 31, 2020.

*Id.* at 17. Appellant maintains Sullivan's letter and affidavit constitute "admissions of fabrications." *Id.* at 16.

Conversely, the Commonwealth argues Appellant "failed to explain why he was unable to ascertain the supposed new information over the last twenty years with the exercise of due diligence." Commonwealth Brief at 8. In addition, the Commonwealth emphasizes "Sullivan did not state in either the letter or affidavit that his testimony at trial was false in any way[.]" *Id.* at 10 (footnote omitted). Finally, the Commonwealth argues Appellant "failed to explain how any theoretical contradiction in Sullivan's trial testimony would have entitled him to relief," given the "ample evidence proving Appellant's guilt." *Id.* at 12. We agree.

Sullivan's letter to Appellant is not dated. Pertinently, Sullivan apologizes for testifying at trial and states:

> I didn't want to testify at your trial, I was forced to by my family (babysitter). I was told what to say, the D.A. had to know I didn't know what happened and had to know or help prep me because I was super young and never really saw anything that had anything to your case [*sic*], plus I was nervous & was informed to ball up my fist to hide the nervousness.
>
> ***
>
> I was told investigators w[ere] looking for me about your case, I just never got back with them. Basically I was told a bad guy would walk free if I didn't go to court. At the time I had no idea what was going on.

PCRA Petition, 8/31/20, Letter at 1 (undated).

In the affidavit, Sullivan swears:

I am not claiming that anyone is innocent because I do not know Ali,[1] nor was I there or know of any murder of [the victim]. I am simply trying to correct a wrong that may have been done.

I remember being groomed in a side room, being told what to say if I was nervous and what to do to hide my nervousness. I was told to ball my fist as tight as I could.

What I don't remember is ever being present to any murders to this day, let alone the guy in the neighborhood that would pay me to pick up his food on store runs as a kid.[2]

I truly am sorry if I have caused or was part [of] causing any wrong, but I am willing and available to testify to these facts if, and or when I am called.

PCRA Petition, 8/31/20, Affidavit at 1 (undated) (footnotes added).

The PCRA court determined Appellant failed to establish he raised the newly discovered fact exception within one year as required by 42 Pa.C.S.A. § 9545(b)(2). The PCRA court explained:

[Appellant] indicated in his PCRA petition that Sullivan wrote him a letter in September 2019 stating the reasons for his alleged false testimony. However, Petitioner did not give a precise date of when he discovered said information. Rather, in his [Rule] 907 response, he implored this [c]ourt to use the postmarked date on the envelope Sullivan's letter was mailed in. The envelope [Appellant] referenced was postmarked May 11, 2020 and addressed to an inmate by the name of Cleo McKinney - NF 7199. Furthermore, [Appellant] again did not state the precise date that he received the affidavit, and the date of when he discovered the alleged new facts, but rather again requested this [c]ourt use the postmarked envelope presumably the affidavit was mailed in to determine when he discovered this allegedly new information. The postmark on the envelope referenced was dated for December

_____

[1] As indicated by his salutation to "Ali" at the top of the letter, Sullivan is referring to Appellant, whose given name is Aileaf.

[2] Sullivan appears to be referencing the victim.

- 6 -

21, 2019, again this did not give this [c]ourt any indication as to when [Appellant] initially learned of the new information. [Appellant], therefore, did not demonstrate that he raised [it] within the one year of the date that he could have presented it.

PCRA Court Opinion, 6/10/21, at 4 (citations omitted).

The record supports the above reasoning. In addition, the record supports the PCRA court's findings, in the alternative, with respect to Appellant's claims of newly discovered facts. The PCRA court stated:

Even if [Appellant] had satisfied his burden of proving that he raised his claim within one year of discovering the new information, he still would have failed to invoke the newly discovered fact exception. During [] trial, Sullivan testified [Appellant] came to his home and confessed to shooting the [victim]. At no point during his trial testimony did Sullivan allege to be a witness to the homicide. In his affidavit, Sullivan again stated that he was not present at the scene. He confirmed "I am not claiming that anyone was innocent because I do not know Ali, nor was I there or knew of any murder of Shelton [*sic*] ... I remember being groomed in a sick[3] room, **being told what to say if I was nervous and what to do to hide my nervousness.**" Sullivan did not elaborate as to what he was told to say to help dissipate his nervousness during testimony. Similarly, in his letter Sullivan neither recanted nor contradicted his trial testimony. Rather, he affirmed that he was not at the scene of the crime. He continued to say "I was told what to say, the D.A. had to know I didn't know what happened and had to know or help prep me because I was super young and really never saw anything that had anything to [do with] your case, plus I was nervous..." Sullivan did not elaborate in either his letter or his affidavit on the communication that took place between him and the [C]ommonwealth. More importantly, in neither document did he state that he fabricated his testimony during trial. Rather, Sullivan appeared to be describing what steps were taken to make

_____

[3] As indicated above, we read Sullivan's handwriting as stating he was "groomed in a 'side' room." PCRA Petition, 8/31/20, Affidavit at 1 (undated). The distinction between "sick" and "side" does not impact our analysis or disposition.

him comfortable to testify in court as a presumably nervous child witness.

*Id.* at 4-5 (bold emphasis in original, citations omitted).

Furthermore, the record reveals ample evidence of Appellant's guilt, including testimony from an eyewitness who stated he saw Appellant argue with the victim about whether Appellant could sell drugs from the victim's "corner," and later saw Appellant fire multiple shots at the victim before fleeing. Appellant is not entitled to relief because it is unlikely a new trial would result in a different verdict. ***See Pagan, supra***.

For the above reasons, we discern no error by the PCRA court. ***Commonwealth v. Jones***, A.2d 903, 906 (Pa. Super. 2008) (citation omitted) ("There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary."); ***see also*** Pa.R.Crim.P. 907(2).

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/2022