J-S26001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MAURICE TALLEY | |
| Appellant | No. 1825 MDA 2016 |

Appeal from the PCRA Order October 20, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-MD-0000272-1968

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 23, 2017**

Maurice Talley appeals from the October 20, 2016 order denying him PCRA relief.  We affirm.

A jury convicted Appellant of first-degree murder in connection with the December 26, 1967 death of Patricia Sholley.  Appellant and Ms. Sholley worked at the same hospital in Reading, and a man fitting Appellant's description was observed with the victim the night that she disappeared.  Pursuant to a warrant, police found items belonging to the decedent and Appellant's blood-stained clothing in Appellant's residence, and his fingerprints were recovered from Ms. Sholley's car.  After he was convicted, Appellant received a sentence of life imprisonment, and, on appeal, our

_____

* Former Justice specially assigned to the Superior Court.

Supreme Court affirmed. *Commonwealth v. Talley*, 318 A.2d 922 (Pa. 1974).

On December 19, 1983, Appellant filed a petition for post-conviction relief. After a hearing, relief was denied; on appeal, we rejected ten allegations that trial counsel rendered ineffective assistance and affirmed. *Commonwealth v. Talley*, 517 A.2d 1367 (Pa.Super. 1986) (unpublished memorandum), *appeal denied*, 544 A.2d 961 (Pa. 1988).

The next request for relief occurred on October 3, 2016, when Appellant filed two documents in this matter: a motion for the appointment of counsel and an appeal *nunc pro tunc* from the judgment of sentence. The PCRA court denied relief based upon a finding that the October 3, 2016 notice of appeal was an untimely PCRA petition.[1] This *pro se* appeal followed.

Appellant's brief does not contain a statement of issues involved, but he raises these arguments: "(A) After discovered evidence[;] (B) [Denial] of fair trial[;] (C) Ineffective assistance of counsel at trial/sentence and appeal[;] (D) Fraud upon the court by state police/witness perjury[; and] (F) Ambiguous charge of the court/ due process." Appellant's brief at 3.

---

[1] It also noted that Appellant was not automatically entitled to appointment of counsel for a second PCRA petition.

- 2 -

We first observe that Appellant's notice of appeal *nunc pro tunc* was not timely, and was properly treated by the court as a PCRA petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013) (citation omitted) (holding that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition"). This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Roane***, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting ***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015)).

It is axiomatic that all PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); ***see also Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In this case, our Supreme Court affirmed Appellant's judgment of sentence on April 23, 1974, and it became final, since Appellant did not seek review in the United States Supreme Court, in 1974. He had until 1975 to

file a timely PCRA petition, and the October 3, 2016 request for relief was clearly untimely. There are three exceptions to the one-year time bar of § 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant does not specifically invoke any exception. The only averment that touches on an exception relates to Appellant's position that he obtained after-discovered evidence, which arguably invokes the second exception. "To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Burton***, 2017 WL 1149203, at *8 (No. 9 WAP 2016, Pa. March 28, 2017).

In connection with his after-discovered-evidence position, Appellant suggests that he "will present after discovered evidence facts and mitigating evidence relevant and material to the evidence presented at trial and penal[ty] phase but not available or not permitted by the courts at the time of trial which would have made a difference in the outcome[.]" Appellant's brief at 4. He claims that he suffers from post-traumatic stress syndrome, and that unidentified Commonwealth witnesses made unspecified out-of-court statements that conflict with their trial testimony. We conclude that Appellant has failed to fall within the parameters of the newly discovered facts exception since he does not indicate when he discovered his proof. Thus, Appellant does not establish that he raised his claims within sixty days of when he first discovered, and could have presented, those claims.

Appellant also maintains that he received ineffective assistance of counsel. However, "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005); *accord Commonwealth v. Pollard*, 911 A.2d 1005 (Pa.Super. 2006). The remainder of Appellant's complaints concern events that occurred during the criminal investigation or course of trial, and thus they do not qualify as newly discovered facts since these events were known to him in the 1970s, when they occurred.

Hence, the PCRA court did not abuse its discretion in ruling that Appellant's October 3, 2016 notice of appeal was an untimely PCRA petition and dismissing it.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017