**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASSAN AUSTIN | : | |
| | : | |
| Appellant | : | No. 3964 EDA 2017 |

Appeal from the PCRA Order November 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0718951-1985

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 1, 2019**

Hassan Austin, *pro se*, appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

On October 20, 1986, following a jury trial, Austin was convicted of first-degree murder and weapons charges in connection with the shooting death of Walter Holloway in June 1985 in Philadelphia. On March 10, 1988, Austin was sentenced to a mandatory term of life imprisonment without parole for first-degree murder and the remaining charges were *nolle prossed*. This Court affirmed Austin's judgment of sentence on December 7, 1990, and the Pennsylvania Supreme Court denied *allocatur* on August 10, 1992.

On April 15, 1996, Austin filed his first *pro se* PCRA petition, which was dismissed on April 8, 1997, after court-appointed counsel filed a

_____
* Former Justice specially assigned to the Superior Court.

***Turner/Finley***[1] "no-merit" letter. This Court quashed Austin's appeal of that order on January 26, 1998. Austin filed a second *pro se* PCRA petition on June 3, 2002, which was dismissed as untimely on October 9, 2003. That order was affirmed by this Court on October 20, 2004. On January 10, 2006, Austin filed his third *pro se* PCRA petition. Although the petition was facially untimely, Austin attempted to overcome the jurisdictional time bar by asserting a claim of newly-discovered facts pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Austin asserted that in November 2005, he discovered that, at the time of trial, one of the Commonwealth's witnesses, Russell Robinson, had convictions for *crimen falsi* offenses; that the Commonwealth withheld this information; that defense counsel could have used the information to impeach Robinson; and that the evidence would have altered the outcome of his trial. Concluding that, because Robinson's criminal history was public record, it could therefore not be deemed "unknown" to Austin, the PCRA court denied relief on January 6, 2009. This Court affirmed the dismissal on March 12, 2012, and the Supreme Court denied allowance of appeal on October 22, 2012.

Austin filed the instant *pro se* petition, his fourth, on May 25, 2017, followed by a supplemental petition on June 30, 2017. In this petition, Austin again invoked the timeliness exception under section 9545(b)(1)(ii), concerning the "newly-discovered" information regarding Robinson's *crimen*

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

*falsi* convictions, and added a claim under the exception contained in section 9545(b)(1)(iii), claiming that this Court's decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa.. 2017), announced a newly-recognized constitutional right. In **Burton**, our Supreme Court held that the presumption of access to public information does not apply where the petitioner is a *pro se* prisoner. Austin asserted that the rule announced in **Burton** rendered his petition timely because it undermined the rationale used to dismiss, and affirm the dismissal of, his 2006 petition. The PCRA court disagreed, and dismissed his petition on November 16, 2017. Austin filed a timely notice of appeal[2] and raises the following claim for our review: "Did the PCRA [c]ourt commit error by ignoring the plain language of 42 Pa.C.S. § 9545(b)(2) when it denied [Austin's] [p]etition as untimely?" Brief of Appellant, at 3.

We begin by noting our well-settled standard of review.

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, [] 36 A.3d 121, 131 ([Pa.] 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, [] 18 A.3d 244, 259 ([Pa.] 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Id.**

---

[2] The PCRA court did not order Austin to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Additionally, courts "will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred." ***Commonwealth v. Marshall***, [] 947 A.2d 714, 719 ([Pa.] 2008) (citation omitted). "Appellant makes a *prima facie* showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Commonwealth v. Allen***, [] 732 A.2d 582, 586 ([Pa.] 1999).

***Commonwealth v. Medina***, 92 A.3d 1210, 1214–15 (Pa. Super. 2014).

Here, the PCRA court dismissed Austin's petition as untimely. The timeliness of a PCRA petition implicates the jurisdiction of the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa. Super. 2011). No court has jurisdiction to hear an untimely PCRA petition. ***Id.***

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***see also Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); ***see also Commonwealth v. Pollard***, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Austin's judgment of sentence became final on or about November 9, 1992, 90 days after our Supreme Court denied his petition for allowance of appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or expiration of period for seeking such review);

Sup. Ct. R. 13. Thus, Austin had one year from that date, or until November 9, 1993, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Austin did not file the instant petition, his fourth, until May 25, 2017, more than 24 years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Austin's patently untimely petition unless he pleaded and proved one of the three statutory exceptions to the time bar.[3] *See* 42 Pa.C.S.A. § 9545(b)(1). A petition invoking one of the exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[4]

---

[3] The statutory exceptions to the time bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

[4] In 2018, the legislature amended the PCRA to extend the previous 60-day limitation for time-bar exceptions to one year. *See* 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days (Dec. 24, 2018). This extension only applies to claims arising after December 24, 2017. Thus, because Austin filed his petition on May 25, 2017, and his claim arose before then, the 60-day time limit applies to his claim.

Austin attempts to circumvent the time bar by asserting the "newly-discovered facts" and "newly recognized constitutional right" exceptions under subsections 9545(b)(1)(ii) and (iii). He is entitled to no relief.

As discussed above, the "newly-discovered facts" upon which Austin bases his claim are the *crimen falsi* convictions of Commonwealth witness Russell Robinson. However, Austin relied upon these same "newly-discovered facts" in his January 2006 PCRA petition and acknowledges that he learned of Robinson's convictions in November 2005. Accordingly, these facts are not "newly-discovered" at all. The PCRA court considered those facts and concluded that they did not entitle Austin to relief in 2009, and this Court affirmed that decision in 2012.

Austin argues that he is nevertheless entitled to relief because **Burton**, decided in 2017, altered the law with respect to the presumption of access to public information by *pro se* prisoners. In light of **Burton**, Austin claims he is entitled to have his claim revisited. He is not.

**Burton** did not create a new constitutional right, nor a watershed rule of criminal procedure, necessary to establish an exception to the PCRA timeliness rule pursuant to section 9545(b)(2)(iii). In **Commonwealth v. Kretchmar**, 189 A.3d 459 (Pa. Super. 2018), we addressed a claim identical to Austin's and concluded as follows:

> Nowhere in the **Burton** decision did our Supreme Court suggest the creation of a new constitutional right, nor did the Court engage in any form of constitutional analysis in reaching that decision. To the contrary, **Burton** is a case of statutory construction or, more specifically, it limits the scope of a prior interpretation of the text

of [s]ection 9545(b)(1)(ii). In narrowing that prior interpretation, the **Burton** Court did not invoke any provisions or rights set forth in the Pennsylvania or Federal Constitutions. Indeed, there is not a single reference to either Constitution in the opinion.

Instead, the **Burton** Court grounded its decision on two precepts. First, the **Burton** Court determined that "the application of the public record presumption to *pro se* prisoners is _contrary to the plain language of subsection 9545(b)(1)(ii)_[.]" [**Burton**, 158 A.3d at 638] (emphasis added). Second, the Court found that the prior interpretation "was imposed without any apparent consideration of a *pro se* prisoner's actual access to information of public record." **Id.** Thus, the **Burton** decision was based on the plain text of [s]ection 9545(b)(1)(ii), and a common sense understanding that incarcerated PCRA petition[er]s do not have *carte blanche* access to information in the public domain.

**Id.** at 463.

In light of our holding in **Kretchmar**, Austin's claim must fail. Accordingly, because Austin failed to plead and prove an exception to the jurisdictional time bar, the PCRA court properly dismissed his facially untimely petition.[5]

Order affirmed.

---

[5] Even if Austin had successfully overcome the PCRA time bar, he would not be entitled to relief on his underlying after-discovered evidence claim. To obtain relief on a substantive after-discovered-evidence claim under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) _it is not being used solely to impeach credibility_; and (4) it would likely compel a different verdict. **See, e.g., Commonwealth v. Washington**, 927 A.2d 586 (Pa. 2007); **Commonwealth v. D'Amato**, 856 A.2d 806 (Pa. 2004) (emphasis added). Here, Austin seeks to utilize evidence of Robinson's *crimen falsi* convictions solely to impeach his credibility.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/1/19