J-S76011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO LAMONT GREEN, | |
| Appellant | No. 345 WDA 2018 |

Appeal from the PCRA Order Entered January 25, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014956-2003

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED FEBRUARY 28, 2019**

Appellant, Antonio Lamont Green, appeals *pro se* from the post-conviction court's January 25, 2018 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Briefly, Appellant was convicted of criminal attempt (homicide), 18 Pa.C.S. § 901, aggravated assault, 18 Pa.C.S. § 2702(a)(1), and firearms not to be carried without a license, 18 Pa.C.S. § 6106.  On November 21, 2005, the trial court sentenced Appellant to an aggregate term of 25-50 years' imprisonment.  This Court affirmed his judgment of sentence on June 23, 2008.  ***See Commonwealth v. Green***, 959 A.2d 460 (Pa. Super. 2008) (unpublished memorandum).  Subsequently, Appellant filed a petition for allowance of appeal with our Supreme Court, which was denied on December

2, 2008. *See Commonwealth v. Green*, 962 A.2d 1195 (Pa. 2006).

Therefore, Appellant's judgment of sentence became final on March 2, 2009,

when the time for filing a petition for writ of *certiorari* to the U.S. Supreme

Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of

sentence becomes final at the conclusion of direct review or the expiration of

the time for seeking the review); U.S.Sup.Ct.R. 13 (providing that "[a] petition

for a writ of *certiorari* seeking review of a judgment of a lower state court that

is subject to discretionary review by the state court of last resort is timely

when it is filed with the Clerk within 90 days after entry of the order denying

discretionary review").

On September 12, 2017, Appellant filed *pro se* his third PCRA petition.

On November 7, 2017, the PCRA court filed a Pa.R.Crim.P. 907 notice of its

intent to dismiss his petition as untimely filed, and Appellant subsequently

filed a timely response. Nevertheless, the PCRA court dismissed his petition

on January 25, 2018, and, on February 15, 2018, Appellant filed a timely

notice of appeal. Thereafter, the PCRA court directed him to file a concise

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b),

and he timely complied. The PCRA court then filed a Rule 1925(a) opinion.

Appellant presently raises the following issues for our review:

 I.  Did the PCRA court reversibly err in failing to consider whether Appellant's sentence has been ruled unconstitutional and illegal or whether he has met the due diligence requirement to hurdle the time bar?

 II. Did the PCRA court reversibly err in failing to consider whether imposing consecutive sentences for attempted

murder and the lesser-included offense of aggravated assault merged for sentencing purposes?

III. Did trial counsel Mark D. Lancaster and first initial PCRA counsel Scott Coffey render ineffective assistance of counsel in failing to object and raise a violation of [Pa.R.Crim.P.] 600?

IV. Did the PCRA court reversibly err in failing to consider whether initial PCRA counsel was ineffective for failing to argue that the trial court violated Pa.R.Crim.P. … 600?

V. Did the trial court err in fail[i]ng to consider whether trial counsel's suspension by the disciplinary board was evidence of ineffective assistance or whether PCRA counsel was ineffective for filing a no-merit letter in light of th[is] fact?

Appellant's Brief at viii (unnecessary emphasis and capitalization omitted).

At the outset, we note that our standard of review regarding an order denying post-conviction relief is whether the findings of the court are "supported by the record and free of legal error." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted). We must begin by addressing the timeliness of Appellant's petition because "[t]he PCRA's time restrictions are jurisdictional in nature. … Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Id.* (citations omitted). With respect to timeliness, the PCRA provides, in pertinent part, the following:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

In this case, as stated above, Appellant's judgment of sentence became final on March 2, 2009. Therefore, his present petition, filed on September 12, 2017, is patently untimely, and Appellant must meet one of the exceptions to the timeliness requirement set forth in section 9545(b)(1)(i)-(iii), *supra.*

In his first issue, Appellant asserts that, in September of 2017, he "discovered" the case, **Commonwealth v. Barnes**, 167 A.3d 110 (Pa. Super. 2017), which he says rules that his sentence is unconstitutional and illegal. **See** Appellant's Brief at 1.[1]  With respect to this issue, Appellant contends that

---

[1] In short, in **Barnes**, this Court examined whether, under **Apprendi v. New Jersey**, 530 U.S. 466 (2000), the jury in **Barnes** was "required to render a separate finding of serious bodily injury for the crime of attempted murder to subject [the a]ppellant to the 40-year maximum sentence for such crime[.]" **Barnes**, 167 A.3d at 116.  We concluded that the jury was required to do so, determining that "the trial court erred in sentencing [the a]ppellant to the maximum term of imprisonment of 40 years for attempted murder because the jury did not determine that serious bodily injury occurred relative to the

he meets the timeliness exceptions set forth in both sections 9545(b)(1)(ii) and (iii), and argues that challenges to the legality of a sentence cannot be waived. ***See id.***; ***see also*** PCRA Petition, 9/12/2017, at 4-5 (stating that he meets the timeliness exceptions under sections 9545(b)(1)(ii) and (iii)). We disagree.

Our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011). Therefore, Appellant's discovery of ***Barnes*** does not satisfy section 9545(b)(1)(ii). Moreover, Appellant cannot rely on ***Barnes*** to meet section 9545(b)(1)(iii) because ***Barnes*** is a decision by this Court, not a decision recognizing a new right by the Supreme Court of the United States or the Supreme Court of Pennsylvania that has been held to apply retroactively. Thus, section 9545(b)(1)(iii) is also not met. Finally, regarding Appellant's legality of sentencing argument, we observe that "[i]t is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*. However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." ***See Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (internal quotation marks and citations omitted). Thus, "though not technically

---

attempted murder charge." ***Id.*** at 119. Relying on ***Barnes***, Appellant argues that he "was sentenced to a maximum term of 50-years, which is illegal according to the crimes code even with the inclusion of serious bodily injury as an aggravating circumstance." Appellant's Brief at 2.

- 5 -

waivable, a legality of sentence claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Id.* (internal quotation marks, brackets, and citation omitted). Therefore, even though Appellant challenges the legality of his sentence in the case *sub judice* and such a claim cannot be waived, we do not have jurisdiction to review this issue as no timeliness exception has been proven by Appellant.

In Appellant's second issue, he avers that "the PCRA court reversibly erred in failing to consider whether imposing consecutive sentences for attempted murder and the lesser-included offense of aggravated assault merged for sentencing purposes." Appellant's Brief at 6 (unnecessary capitalization and emphasis omitted). He also insists that his sentence is illegal because the court imposed "consecutive sentences for offenses arising from the same criminal act." *See id.* Appellant, however, does not prove — let alone argue — that this claim fulfills a timeliness exception under section 9545(b)(1)(i)-(iii), and our own review of the record does not indicate that any of those exceptions apply. Furthermore, we reiterate that legality of sentencing claims, though not waivable, still must satisfy a time-bar exception in order for us to have jurisdiction. ***See Miller***, ***supra.*** Consequently, we do not have jurisdiction to review Appellant's second issue.

In Appellant's third, fourth, and fifth issues, he contests the effectiveness of his trial and initial PCRA counsel. Specifically, he asserts that his trial and initial PCRA counsel both "rendered ineffective assistance of

counsel in failing to object and raise a violation of [Pa.R.Crim.P.] 600." Appellant's Brief at 10 (unnecessary capitalization and emphasis omitted).[2] He argues that "[t]he criminal complaint in the present case was filed on August 26, 2003, and [A]ppellant was arrested on September 17, 2003. Appellant was not brought to trial until June 22, 2005, which is more than 365 days from the date of the filing of the criminal complaint." *Id.* In addition, he states that his "trial counsel … was disciplined for his failure to file and respond to legal matters and court orders for clients he represented in criminal appeals[,]" and that his "trial counsel's suspension by the disciplinary board was evidence of ineffective assistance[.]" *Id.* at 17 (unnecessary capitalization and emphasis omitted). Appellant consequently "seeks a full review of his own criminal proceedings[,]" and claims that his trial counsel "never sought legal avenues to file against the erroneous prosecution for attempted murder…." *Id.* He further insists that his initial "PCRA counsel was ineffective for filing a [***Turner/Finley***[3]] no-merit letter in light of th[at] fact[,]" and "failed to investigate the possibility that [Appellant's trial counsel] may have been investigated by the Disciplinary Board." *Id.* (unnecessary capitalization and emphasis omitted).

---

[2] Rule 600 provides, *inter alia*, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a).

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

It is well-established that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *See, e.g.*, *Commonwealth v. Pollard*, 911 A.2d 1005, 1008 (Pa. Super. 2006) (citations omitted). Appellant does not contend that any of these ineffectiveness claims meet an exception to the timeliness requirement set forth in section 9545(b)(1)(i)-(iii), *supra*, and our own review of the record does not demonstrate that any of those exceptions apply.[4] Therefore, we conclude that Appellant's PCRA petition is time-barred and was properly dismissed.

Order affirmed.

_____

[4] We specifically note that, with respect to his trial counsel's suspension, Appellant attaches to his petition an order by our Supreme Court, dated November 22, 2011, suspending Appellant's trial counsel from the practice of law for a period of one year and one day, as his representation of three separate criminal defendants in the U.S. Court of Appeals for the Third Circuit was determined to be "severely lacking" by the Disciplinary Board of the Supreme Court of Pennsylvania. *See* PCRA Petition, 11/12/2017, at Exhibit C. However, Appellant does not state when he first learned of this suspension and why he could not have learned of it sooner, nor does he offer an explanation as to how this claim overcomes the timeliness requirement of the PCRA. Similarly, regarding his Rule 600 claim, Appellant does not prove that this claim had been unknown to him and could not have been ascertained by the exercise of due diligence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2019