J-S15006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA
                                    :

           v.                         :
                                      :

DWAYNE JOHNSON              :
                                      :

          Appellant       :     No. 489 WDA 2018

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001813-1985

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                 FILED APRIL 24, 2019

Appellant, Dwayne Johnson, pro se, appeals from the order entered December 18, 2017, that dismissed his second petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing. We affirm. Additionally, we deny Appellant's outstanding motions as moot.

> Appellant was found guilty, in July of 1985, after a jury trial, of second degree murder as a result of the shooting death of Ann Bahorich, an employee at a grocery store robbed by appellant. Post-trial motions were denied by order dated August 22, 1985, and the trial court sentenced appellant to life imprisonment. Appellant filed a direct appeal, and on October 14, 1986, this Court affirmed the judgment of sentence. Commonwealth v. Johnson, 517 A.2d 1365 (Pa.Super. 1986) (unpublished memorandum). No petition for allowance of appeal was filed.

_____

[1] 42 Pa.C.S. §§ 9541–9546.

*   Retired Senior Judge assigned to the Superior Court.

> Appellant took no further action until January 14, 1997, when he filed a pro se petition for PCRA relief. The trial court by order dated October 10, 1997, appointed the Allegheny County Public Defender's Office to represent appellant, and an amended PCRA petition was filed on or about February 1, 1999. The PCRA court filed its notice of intent to dismiss without a hearing on October 14, 1999, and appellant filed a response. The PCRA petition was dismissed on February 28, 2000, without a hearing[.]

Commonwealth v. Johnson, No. 520 WDA 2000, unpublished memorandum at 1-2 (Pa. Super. filed March 15, 2001) (footnotes omitted). This Court affirmed the dismissal of Appellant's first PCRA Petition. Id. at 1.

In 2017, Appellant filed his second PCRA petition, arguing that "exculpatory evidence" may exist "in police investigation discovery material." PCRA Petition, 4/11/2017, at 4 ¶ 4. Appellant acknowledged that his petition was untimely but invoked the "governmental interference" and "newly discovered facts/evidence" exceptions to the PCRA's time bar. Id. at 2 ¶ 6.

The PCRA court appointed counsel to represent Appellant, who filed a petition to withdraw and a "no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc), along with a cover letter that stated that counsel "conducted an extensive review of this matter" and "determined that [Appellant's PCRA] petition was untimely filed and that no exceptions apply." Letter from PCRA Counsel to Appellant (Nov. 8, 2017). The cover letter further informed Appellant: "In the event that the PCRA court grants my motion to withdraw as counsel, you have the right to proceed with your petition on you[r] own or with the assistance of privately retained counsel." Id. On

November 9, 2017, the PCRA court granted counsel's motion to withdraw and simultaneously entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. On December 18, 2017, the PCRA court dismissed Appellant's petition.

On January 17, 2018, Appellant filed this timely appeal. After both parties filed their briefs, Appellant filed an application for extension of time to file reply brief and a motion to strike/dismiss the Commonwealth's brief.

The timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the three exceptions[2]

_____

[2] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

to the time limitations for filing the petition. 42 Pa.C.S. § 9545(b)(1) (emphasis added).

Appellant admits that his PCRA petition was untimely but attempted to circumvent the time bar by baldly asserting the "governmental interference" and "newly discovered facts/evidence" exceptions under subsections 9545(b)(1)(i)-(ii). PCRA Petition, 4/11/2017, at 2 ¶ 6. Appellant's PCRA petition and brief do not plead nor prove that newly discovered facts or evidence actually exist; they merely claim that such evidence might exist and that the Commonwealth "interfered" by not turning over all of its files on Appellant's case to him, just in case something exculpatory could be contained therein. See id. at 2-5; Appellant's Brief at 10.[3] Such bald assertions, without a single factual averment in support thereof, are insufficient to plead and to prove the applicability of a timeliness exception; thus, the PCRA court correctly determined that Appellant failed to plead and to prove the applicability of a timeliness exception and that it lacked jurisdiction to reach the merits of Appellant's PCRA petition. See 42 Pa.C.S.

_____

[3] To the extent that Appellant has argued that, if the court were to allow him to access the Commonwealth's files, including police notes and reports, he would be able to find exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court of Pennsylvania rejected a similar request for discovery of the Commonwealth's files and other notes during collateral review in Commonwealth v. Williams, 86 A.3d 771, 788-89 (Pa. 2014) ("A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the Commonwealth's files"; "the mere fact that a claim sounds in Brady does not, on its own, create a special right to PCRA discovery").

§ 9545(b)(1); Commonwealth v. Pollard, 911 A.2d 1005, 1007 (Pa. Super. 2006) ("Although Appellant makes bald assertions of interference by governmental officials and after-discovered evidence, he has failed to offer any argument regarding how these time-bar exceptions apply to his case").

Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. For the same reasons, we lack jurisdiction to consider the merits of Appellant's PCRA claims, and his two outstanding motions are denied as moot.

Order affirmed. Motions denied as moot.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/24/2019