J-S29020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES SHEPPARD | : | |
| | : | |
| Appellant | : | No. 1397 EDA 2018 |

Appeal from the PCRA Order April 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0809521-1978

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 08, 2019**

Charles Sheppard appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On October 25, 1978, a jury convicted Sheppard of second-degree murder,[1] robbery,[2] possession of an instrument of crime (PIC),[3] and criminal conspiracy.[4]  On March 6, 1979, the trial court sentenced Sheppard to life imprisonment without parole for second-degree murder, and concurrent terms

---

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 907.

[4] 18 Pa.C.S. § 903.

of 5 to 10 years' incarceration for criminal conspiracy and 10 to 20 years' incarceration for robbery, with no further penalty for PIC. Sheppard withdrew his direct appeal to this Court regarding his felony convictions in 1984, and the Pennsylvania Supreme Court affirmed Sheppard's judgment of sentence for second-degree murder. *See Commonwealth v. Sheppard*, 428 A.2d 1337 (Pa. 1981). He filed several PCRA petitions between 1983 and 2011, which were all dismissed.

On November 24, 2015, Sheppard filed the instant PCRA petition *pro se*, as well as several amended petitions, alleging his sentence was illegal under *Miller v. Alabama*, 567 U.S. 460 (2012). Appointed PCRA counsel filed a *Turner*/*Finley*[5] "no merit" letter on December 22, 2017, and the PCRA court dismissed Sheppard's petition on April 19, 2018. Sheppard appealed the dismissal to this Court on April 30, 2018.[6]

Preliminarily, we must consider the timeliness of Sheppard's petition. The timeliness of a PCRA petition implicates the jurisdiction of the PCRA court.

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[6] Sheppard has filed an "Application for Relief" moving for sanctions against the Commonwealth, and for his arguments to be deemed uncontested and accepted as true. *See* Application for Relief, 5/19/10, at 1. Sheppard has established no basis for such relief; as such, we deny his motion.

We note, however, that the Commonwealth filed its brief over one month late, even after this Court granted two extensions of time. We, therefore, decline consideration of arguments advanced in the Commonwealth's untimely brief. *See Commonwealth v. Brown*, 161 A.3d 960, 964 n.2 (Pa. Super. 2017).

*Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011). No court has jurisdiction to hear an untimely PCRA petition. *Id.* A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final unless one of three statutory exceptions applies.[7] *See* 42 Pa.C.S.A § 9545(b)(1)(i-iii); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A petition invoking one of the exceptions must be filed within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A § 9545(b)(2).[8] A judgment is deemed final "at the conclusion of direct review, including

_____

[7] The statutory exceptions to the time bar are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii).

[8] In 2018, the legislature amended the PCRA to extend the previous 60-day limitation for time-bar exceptions to one year. *See* 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days (Dec. 24, 2018). This extension only applies to claims arising one year before the effective date of this section, i.e., December 24, 2017, or thereafter. Because Charles filed his petition on November 24, 2015, and his claim arose before then, the 60-day time limit applies to his claim. *Id.*

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A § 9545(b)(3); **Commonwealth v. Pollard**, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Sheppard attempts to circumvent the jurisdictional time bar by asserting a newly-recognized constitutional right under section 9545(b)(1)(iii). Sheppard, who committed his crimes at age 20, contends the right recognized in **Miller**, that mandatory sentences of life imprisonment without parole for juveniles violate the Eighth Amendment applies to him. Appellant's Brief, at 40-41; **see also Montgomery v. Louisiana**, 136 S.Ct. 718, 732 (2016) (holding **Miller** applies retroactively to cases on collateral review).

**Miller** does not apply to petitioners age 18 and older at the time of their offense, therefore Sheppard may not invoke **Miller** under section 9545(b)(1)(iii). **Commonwealth v. Rodriguez**, 174 A.3d 1130, 1147 (Pa. Super. 2017) (rejecting application of **Miller** to 18 year old offenders); **see Commonwealth v. Avis Lee**, 206 A.3d 1 (Pa. Super. 2019) (en banc) (holding **Miller** prohibition on mandatory life without parole sentences does not extend to juvenile offenders over 18 at time of offense); **see also Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted). As Sheppard has not pled and proven an exception under section 9545(b)(1), his petition is untimely, and the PCRA court lacked jurisdiction to consider it.

Order affirmed. Application for Relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/19