J-S55026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY SMITH | : | |
| | : | |
| Appellant | : | No. 429 WDA 2019 |

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015978-2012

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 06, 2020**

Gregory Smith appeals from the denial of his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied the petition as untimely. We affirm.

After a jury convicted Smith of first-degree murder, the trial court sentenced him to life without parole. We affirmed the judgment of sentence and our Supreme Court denied Smith's petition for allowance of appeal. **See Commonwealth v. Smith**, 131 A.3d 101 (Pa.Super. filed August 21, 2015) (table), *appeal denied*, 128 A.3d 220 (Pa. filed December 16, 2015) (table). He did not seek further review in the United States Supreme Court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In July 2016, Smith filed his first PCRA petition. The petition raised a **Batson**[1] claim, and when confronted with a notice of dismissal, Smith filed an objection asserting an alleged defect in the information, an alleged sentencing error, and an allegation that trial counsel was ineffective for failing to make a **Batson** objection. The PCRA court denied the petition in October 2016, and we affirmed. **See Commonwealth v. Smith**, 181 A.3d 416 (Pa.Super. filed November 15, 2017) (table), *appeal denied*, 188 A.3d 392 (Pa. filed June 27, 2018).

Smith then filed the instant *pro se* PCRA petition, on December 10, 2018. He alleged ineffective assistance of counsel. He claimed that "trial counsel failed to: (1) investigate Smith's documented mental health issues; (2) convince Smith to submit to a psychiatric evaluation; and (3) arrange for such evaluation to be performed where the following examination – in all likelihood the psychiatrist opinion would have stated that Smith lacked the capacity at the time of the shooting to be charged and convicted for murder in the first degree." PCRA Petition, filed 12/10/18, at 5-6.

Smith alleged that his issues were not "waived" because he could not raise these issues earlier because his first PCRA petition was pending in this Court. **See id.** at 4 (citing **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000)). Smith attached to the petition a five-page mental health examination from Western Psychiatric Institute and Clinic, dated August 4, 2003. **See**

---

[1] **Batson v. Kentucky**, 476 U.S. 79 (1986).

Exhibit A of PCRA Petition. He also included an "Individual Recovery Plan" from June 2015, in which a psychologist listed "learning disabilities/literacy" as a potential barrier to treatment and identified "ability to express feelings" and "ability to make decisions" as strengths. Exhibit B of PCRA Petition.

The PCRA court issued its notice of intent to dismiss the petition and Smith filed an objection. **See** Pa.R.Crim.P. 907 Notice, dated 2/12/19; Formal Objection to the Court's Intent to Dismiss, filed 3/6/19. The PCRA court denied the petition as untimely and this timely appeal followed.  **See** Order of Court, filed 3/7/19.

Smith raises the following issues:

I.  Did the PCRA court err in finding that [Smith's] second PCRA petition is time barred?

II.  Whether an evidentiary hearing and/or a new trial is warranted where trial counsel was ineffective for failing to adequately investigate [Smith's] documented mental health issues and to procure a psychiatric examination that would have supported a diminished capacity defense that [Smith] lacked the *mens rea* necessary to commit murder in the first degree?

Smith's Br. at 4.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019). We give deference to the factual findings of the PCRA court, so long as they find support in the record. **Id.** at

961. The PCRA's timeliness requirement is "mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013).

A petitioner has one year from the time the judgment of sentence is final to file a PCRA petition, unless a time-bar exception applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). If the petition is not filed within the one year date, the petitioner bears the burden of pleading and proving at least one of the exceptions. *Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012). The exceptions are: (1) illegal governmental interference with the presentation of the claim; (2) previously unknown facts that the petitioner could not have discovered through due diligence; and (3) a newly recognized Constitutional right that has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

A petitioner must raise a time-bar exception within one year of the date on which the petitioner could have first raised it. *Id.* at § 9545(b)(2). Additionally, "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon expiration of the time for seeking such review." *Lark*, 746 A.2d at 588.

Here, Smith's judgment of sentence became final on March 15, 2016, when the time to ask the United States Supreme Court to review his direct

appeal expired. **See** U.S. Ct. Rule 13. Smith thus had until March 15, 2017 to file a PCRA petition, unless one of the exceptions applied. Smith filed the instant petition on December 10, 2018 and it therefore was untimely. Accordingly, Smith bore the burden of pleading and proving at least one of the time-bar exceptions.

However, Smith at no time has asserted any of the statutory time-bar exceptions. Although Smith argues that **Lark** prevented him from filing a subsequent petition, that decision does not constitute a time-bar exception. Although Smith is correct that **Lark** precluded him from filing another PCRA petition while the appeal from the denial of his first PCRA petition was pending, that rule did not, in fact, pose a bar to his asserting his mental health-related issues in his first PCRA. Smith's brief asserts that his mental health issues were documented in 2003, 2012, and 2015. Yet he offers no explanation of why he could not have raised these issues in his first PCRA petition.

Indeed, the **Lark** court explained that the rule it announced does "not preclude a [PCRA] court from granting leave to amend a PCRA petition that is currently pending before the court." **Lark**, 746 A.2d at 588 n.2. At the very least, Smith could have sought leave to amend his first PCRA petition to add his issues, or attempted to raise them in his response to the notice to dismiss his first petition.

In his second issue, Smith claims a new trial or an evidentiary hearing is warranted based on his claim of alleged ineffective assistance of counsel. Smith's Br. at 4. However, claims of ineffective assistance of counsel do not

overcome the time restrictions of the PCRA and Smith does not assert any of the statutory time-bar exceptions. ***Commonwealth v. Pollard***, 911 A.2d 1005, 1008 (Pa.Super. 2006). The PCRA court did not abuse its discretion in denying the subject PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2020